IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JANICE R. CAUGHORN                                                                    PLAINTIFF

      v.      Civil No. 13-2051

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                        DEFENDANT

## **MEMORANDUM OPINION**

  Plaintiff, Janice Caughorn, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g)*.*

**I.**  **Procedural Background:**

  Plaintiff protectively filed for DIB on November 17, 2004, alleging an onset date of May 27, 2004, due to migraines; recurrent pancreatitis; numbness and tingling in hands and wrists; pain in the neck, hips, knees, and ankles; anxiety; depression; and, bipolar disorder. Tr. 155, 662-665, 679. An administrative hearing was held on February 21, 2007, following which the Administrative Law Judge ("ALJ") entered an unfavorable decision on August 14, 2007. Tr. 71. On June 11, 2008, the Appeals Council ("AC") granted Plaintiff's request for review and remanded the case. Tr. 128. A second hearing was held on April 23, 2009, followed by the entry of a second unfavorable decision on October 30, 2009. Tr. 86. On April 7, 2011, the AC again

remanded the case. Tr. 146. A third administrative hearing was held on October 12, 2011. Tr. 39, 655-718. Plaintiff was present and represented by counsel.

At the time of third hearing, Plaintiff was 39 years old and possessed a high school education. Tr. 36-48, 155, 659. She had past relevant work ("PRW") experience as an appliance assembler. Tr. 697.

On October 17, 2011, the ALJ found Plaintiff's pancreatitis, epigastritis, post traumatic stress disorder, and bipolar disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 19-21. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform a light work except she could only occasionally climb, balance, stoop, kneel, crouch, and crawl. Further, her work was limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, work place changes. And, Plaintiff could have no more than incidental contact with co-workers and supervisors and no contact with the general public. Tr. 43-47. With the assistance of a vocational expert, the ALJ concluded Plaintiff perform work as an assembler, machine tender, or inspector.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 19, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 14.

II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). This requires consideration of the combined effects of both severe and non-severe medically determinable impairments. 20 C.F.R. § 404.1545(a); *see Casey v. Astrue,* 503 F.3d 687, 691 n. 3 (8th Cir.2007). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical

4

question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The record before us contains several RFC assessments. Dr. Douglas Brown performed a mental status evaluation on April 26, 2005. Tr. 306-308. After diagnosing Plaintiff with major depression and PTSD secondary to sexual abuse, Dr. Brown noted that Plaintiff was somewhat socially withdrawn, anxious, had a flat and blunted affect, and appeared dependent and somewhat hyperactive.

On May 10, 2005, Dr. R. E. Smallwood, a non-examining psychologist completed a mental RFC assessment. Tr. 318-320. He concluded Plaintiff had marked limitations in her ability to understand, remember, and carry out detailed instructions and interact appropriately with the general public.

On February 12, 2007, Dr. Patricia Walz performed a psychological evaluation. Tr. 387-395. She, too, diagnosed Plaintiff with PTSD, bipolar I disorder, social phobia, and dyslexia. Dr. Walz indicated that Plaintiff would have difficulty communicating, getting along with others, attending work in spite of her anxiety, and tolerating frustration. Further, she concluded Plaintiff was extremely impaired in her ability to complete a normal workday or work week without interruptions from psychologically based or pain related symptoms, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, work in coordination with or proximity to others without being distracted by them, and demonstrate

5

reliability. Plaintiff was also found to have marked or severe limitations in numerous other areas including dealing with work stresses, behaving in an emotionally stable manner, and accepting instructions and responding appropriately to criticism from supervisors.

On September 18, 2007, Dr. Donald Furr completed an RFC assessment noting a number of abnormalities to include, epigastric tenderness, tenderness at the sacrum, decreased grip on the right with abnormal Phalen's test, and swelling and decreased range of motion in the right ankle. He concluded Plaintiff could sit for four to five hours per day, stand for 30 minutes per day, and walk for 30 minutes per day. Further, Dr. Furr concluded Plaintiff could occasionally push/pull and reach and rarely grasp with the right hand and climb stairs. Tr. 485-489.

On November 13, 2008, Dr. Robert Spray conducted a psychological evaluation. Tr. 502-512. After diagnosing Plaintiff with PTSD and bipolar disorder, Dr. Spray assessed her with a global assessment of functioning score between 50 and 60. He noted that her concentration was fair to good, she persisted well but might not be able to do so during episodes of depression, and she had a normal pace but might have problems completing tasks in a timely manner due to intrusive thoughts of worry. Dr. Spray went on to conclude that Plaintiff was moderately impaired in her ability to make judgments on simple or complex work-related decisions and interact appropriately with supervisors and co-workers.

On December 3, 2008, Dr. Michael Westbrook completed a general physical examination. Tr. 491-501. He noted that Plaintiff could not heel/toe walk on her left side due to her ankle. Further, Dr. Westbrook concluded Plaintiff could sit for 3 hours per day, stand for 3 hours per day, walk for 2 hours per day, and occasionally operate foot controls.

In reviewing the ALJ's RFC determination, we note that no mention is made of Plaintiff's limitations with regard to sitting, standing, and walking; handling, reaching, pushing/pulling, grasping; completing a normal workday or work week without interruptions from psychologically based or pain related symptoms, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, working in coordination with or proximity to others without being distracted by them, and demonstrating reliability. And, the ALJ provided no justification for his failure to include these limitations in the assessment. Accordingly, remand is necessary to allow the ALJ to reevaluate Plaintiff's RFC.

On remand, the ALJ should also consider the evidence indicating that Plaintiff has been turned down for indigent/low cost medical and mental health treatment. Economic justifications for lack of treatment can be relevant to a disability determination. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992). Further, the ALJ is directed to consider listing 12.06 pertaining to PTSD, rather than 12.08 which deals with personality disorders.

## IV. Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)